IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| NICOLE MALLOY | : | |
| 723 SHERIDAN STREET | : | |
| HYATSVILLE, MARYLAND 20783 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| MAYOR AND TOWN COUNCIL OF | : | |
| TOWN OF EDMONSTON, MARYLAND | : | |
| 5005 52nd AVENUE | : | |
| EDMONSTON, MARYLAND 20781 | : | |
| | : | |
| Serve: Tracy Gant, Mayor | : | |
| 5005 52nd Avenue | : | |
| Edmonston, Maryland 20781 | : | |

## COMPLAINT

Nicole Malloy, Plaintiff, by and through her undersigned counsel, hereby sues the Mayor and Town Counsel of the Town of Edmonston, Maryland for discrimination on the basis of her disability in violation of the Americans with Disabilities Act of 1990 and the American with Disabilities Amendments Act of 2008, Maryland Code Ann. (St. Gov.) §20-601, et seq., and Prince George's County Code 2-12-7§2-222, et seq. and in support thereof, states as follows:

## PARTIES

1. Plaintiff, Nicole Malloy, was at all times relevant hereto an employee of the Town of Edmonston, Maryland.

2. Defendant, Mayor and Town Council of the Town of Edmonston is a political subdivision of the State of Maryland with the power to sue and be sued.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e., 42 U.S.C. § 12101 et. seq.

4. At all times relevant to this case, Defendant has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 12101, et seq.

5. Venue is vested in this Court, since the facts giving rise to this case took place in Prince George's County, Maryland.

**FACTS**

6. Plaintiff began employment with the Respondent on or about May 5, 2017, as a Code Enforcement Officer at a starting salary of $40,000.00.

7. In or about August, 2019, Plaintiff was diagnosed with a cancerous tumor between her lungs.

8. Before Plaintiff could receive a second opinion and additional testing and treatment, the COVID-19 pandemic started.

9. Plaintiff has also been diagnosed with diabetes, high blood pressure and heart disease, all high risk factors for severed disease or possible death from COVID-19.

10. On or about March 13, 2020, Defendant shut down operations because of the COVID-19 pandemic.

11. On or about March 31, 2020, a Captain of the Town of Edmonston Police Department sent her an email asking her to return to work for two (2) days per week

12. Plaintiff responded that because of her high risk medical conditions, she could not return to the office and could only work remotely.

13. Defendant, by way of the Chief of Police responded "Anytime an order is issued from a supervisor or department head in town, it should be followed with-out question."

14. On or April 20, 2020, with knowledge of her high risk health conditions, Defendant placed Plaintiff in a "no duty status" which forced her to use her vacation and sick time.

15. On or about April 29, 2020, Plaintiff provided Defendant with a letter from her treating physician stating that she was "classified as high risk for COVID-19 and given the ongoing COVID-19 pandemic, I have advised them to self-quarantine and work from home."

16. On or about May 7, 2020, Defendant notified that Plaintiff that she was under "investigation" ostensibly in retaliation for Plaintiff seeking an accommodation for her high risk medical condition.

17. On or about May 13, 2020, Defendant removed the code enforcement sign from Plaintiff's office and decided to use her office for police related matters.

18. June 4, 2020, Plaintiff received her last paycheck for the period of May 14 - 27, 2020, in the amount of $129.70 and received no benefits or paid sick leave under the Families First Coronavirus Response Act.

19. On or about July 13, 2020, Defendant notified Plaintiff that as of June 1, 2020, Defendant's Police and Code Enforcement offices resumed full time operations, and that she had to respond to Defendant in writing on or before 5 p.m. on July 14, 2020, with certification to return to work from a licensed medical provider.

20. Plaintiff had not been released to work in person at that time.

21. Defendant never engaged in any interactive dialogue with Plaintiff regarding her disability or her need for an accommodation.

22. Defendant terminated Plaintiff on July 16, 2020.

23. On or about September 15, 2020, Plaintiff had an initial intake interview with the Prince George's County Human Rights Commission.

24. In or about March, 2022, Plaintiff for a job with FEMA.

25. Subsequent to her job application with FEMA, Defendant informed FEMA that Plaintiff was not eligible for rehire and told FEMA that Plaintiff had failed to complete tasks while at home during COVID in March – July, 2020.

26. At the time Defendant provided the negative job reference, Defendant knew that Plaintiff had sought an accommodation for her medical condition and had filed a charge with PGCHRC and EEOC.

27. As a result of this negative job reference, Plaintiff was delayed in being deployed with FEMA and lost income as a result of the delay.

28. Plaintiff filed her Charge of Discrimination with the PGCHRC, Charge No. HRC20-0905, which was cross filed with the Equal Employment Opportunity Commission, Charge No. 12H-2020-00034.

29. The EEOC issued a Right to Sue Notice on June 7, 2022.

30. Plaintiff received the Right to Sue Notice via first class mail on or about June 13, 2022.

## COUNT I
## VIOLATION OF PRINCE GEORGE'S COUNTY CODE 2-12-7§2-222, ET SEQ.

31. Plaintiff is an individual with a disability as defined by Prince George's County Code

32. Plaintiff suffers from diabetes, high blood pressure and heart disease, which substantially impacts major bodily functions.

33. Plaintiff notified Defendant of her disability and sought an accommodation.

34. Defendant failed and refused to engage in an interactive dialogue with Plaintiff regarding her disability and need from an accommodation.

35. Defendant has violated Prince George' County by discharging Plaintiff from employment because of her disability.

36. Defendant's actions are willful, intentional and done with the intent to harm Plaintiff.

37. Plaintiff has suffered and continues to suffer harm and damages including wage loss, mental and emotional distress and other damages.

## COUNT II
## VIOLATION OF MD CODE ANN [ST. GOV.] §20-601, ET. SEQ.

38. Plaintiff is an individual with a disability as defined by Maryland State law.

39. Plaintiff suffers from diabetes, high blood pressure and heart disease, which substantially impacts major bodily functions.

40. Plaintiff notified Defendant of her disability and sought an accommodation.

41. Defendant failed and refused to engage in an interactive dialogue with Plaintiff regarding her disability and need from an accommodation.

42. Defendant has violated Md. code Ann. [St. Gov.] §20-606 by discharging Plaintiff from employment because of her disability.

43. Defendant's actions are willful, intentional and done with the intent to harm Plaintiff.

44. Plaintiff has suffered and continues to suffer harm and damages including wage loss, mental and emotional distress and other damages.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT (ADAAA) 42 U.S.C 12101, et seq.

45. Plaintiff is an individual with a disability as defined by the ADAAA.

46. Plaintiff suffers from diabetes, high blood pressure and heart disease, which substantially impacts major bodily functions.

47. Plaintiff notified Defendant of her disability and sought an accommodation.

48. Defendant failed and refused to engage in an interactive dialogue with Plaintiff regarding her disability and need from an accommodation.

49. Defendant has violated the ADAAA by discharging Plaintiff from employment because of her disability.

50. Defendant's actions are willful, intentional and done with the intent to harm Plaintiff.

51. Plaintiff has suffered and continues to suffer harm and damages including wage loss, mental and emotional distress and other damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter Judgment in favor of Plaintiff on Count I, Violation of Prince George's County Code;

B. Enter Judgment in favor of Plaintiff on Count II, Violation of Maryland State law;

C. Enter Judgment in favor of Plaintiff on Count III, Violation of the ADAAA;

D. Enter an award in Plaintiff's favor in an amount equal to her back pay/wage loss, as determined at the trial of this matter, but in any event, not less than $100,000.00;

E. Enter an award in Plaintiff's favor in an amount not less than $200,000.00 for front pay.

F. Enter an award in Plaintiff's favor in an amount not less than $1,000,000.00 in compensatory damages;

G. Enter an award in Plaintiff's favor in an amount not less than $1,000,000.00 in punitive damages;

H. Award Plaintiff all of her costs associated with this matter, including reasonable attorneys' fees; and

I. Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## JURY DEMAND

Plaintiff respectfully requests that this Case be tried by a Jury.

Dated: September 5, 2022                                Respectfully Submitted,

_____/s/_____
Neil S. Hyman, Esquire
Bar No. 15158
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
neil@neilhymanlaw.com
301-841-7105 (p)
*Counsel for Plaintiff*