IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| NICOLE MALLOY | : | |
| | : | |
| v. | : | Civil Action No. DKC 22-2224 |
| | : | |
| MAYOR AND TOWN COUNCIL OF TOWN OF EDMONSTON, MARYLAND | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Americans with Disabilities Act ("ADA") compliance case is the motion for summary judgment filed by Defendant Mayor and Town Council of Town of Edmonston, Maryland as to Count I of Plaintiff's Amended Complaint.[1] (ECF No. 12). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for summary judgment will be granted.

**I.   Background**

Unless otherwise noted, the following facts are undisputed and construed in the light most favorable to Plaintiff, the non-moving party. Plaintiff Nicole Malloy worked as a Community Compliance Inspector for the Town of Edmonston, Maryland (the

---

[1] Count I of Plaintiff's Amended Complaint corresponds to Count III of Plaintiff's original Complaint. (*Compare* ECF No. 1 ¶¶ 45-51, *with* ECF No. 9 ¶¶ 37-43). Counts I and II of Plaintiff's original Complaint were previously dismissed. (ECF No. 7).

"Town").  (ECF No. 12-2, at 6).  Plaintiff's job duties include: (1) performing field and office work to enforce compliance with Town regulations and ordinances; (2) responding to alleged violations of Town codes and ordinances by conducting interviews and investigations; (4) inspecting properties for violations and issuing notices of non-compliance; (5) preparing evidence in support of the Town's legal actions; (6) maintaining accurate documentation and case files; (7) writing reports, memos, and correspondence related to enforcement activities; (8) patrolling assigned area to identify ordinance violations; (9) explaining municipal codes and ordinances to the general public in person and by phone; (10) entering, processing, and acquiring data related to code enforcement via computer; (11) checking vacant building for vandalism; and (12) researching, drafting, and rewriting municipal codes.  (ECF No. 12-2, at 6-7).  Plaintiff had her own office and assigned vehicle.  (*Id.* ¶ 11).  Plaintiff's immediate supervisor was Billy Sullivan ("Mr. Sullivan"), Captain with the Town of Edmonston Police Department.  (*Id.* ¶ 2).

While the Town permitted Plaintiff to work remotely beginning in March 2020 due to the COVID-19 pandemic, in late March 2020, the Town resumed normal operations.  (ECF No. 12-2 ¶ 8).  Plaintiff was ordered to return to work in-person two days per week with an anticipated transition to full-time in-person work.  (*Id.* ¶¶ 7, 9).

The parties dispute whether the Town offered personal protective equipment ("PPE") and the extent to which Plaintiff then requested to work remotely. Plaintiff asserts in her unverified complaint, that although she requested to work from home given her health conditions that place her at high risk of severe disease and death from COVID-19, she was able to perform field work as long as she was provided with appropriate PPE, and Defendant failed to provide any PPE. (ECF No. 9 ¶¶ 10, 17, 20, 26). Defendant contends in a declaration that Plaintiff requested full-time remote work and refused to do any field work despite being provided PPE. (ECF No. 12-2 ¶ 11). Plaintiff was then terminated from her position. (*Id.* ¶ 12).

On March 17, 2023, Plaintiff filed an amended complaint against Defendant Mayor and Town Council of the Town of Edmonston, alleging a violation of the ADA, 42 U.S.C. §§ 12101 *et seq*. (ECF No. 9). On June 5, 2023, Defendant filed a motion for summary judgment. (ECF No. 12). On June 20, 2023, Plaintiff filed an opposition to Defendant's motion for summary judgment. (ECF No. 13). Defendant did not file a reply.

II. **Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett*

3

*v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). In other words, if there are factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the evidence in the light most favorable to the party opposing the motion. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297. A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.* Thus, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 254; *Celotex Corp.*, 477 U.S. at 324. "A mere scintilla of proof, however, will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*,

477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

**III. Analysis**

Plaintiff alleges that Defendant violated the ADA because, after she notified Defendant of her disability and sought accommodation in the form of a remote work arrangement, Defendant "refused to engage in an interactive dialogue with Plaintiff regarding her disability and need for an accommodation" and "discharge[ed] Plaintiff from employment because of her disability." (ECF No. 9 ¶¶ 39-41). Plaintiff asserts that "[she] was able to perform most, if not all of the essential functions of her job working remotely[,]" and could have performed field work if Defendant provided PPE. (*Id.* ¶¶ 19-20). Defendant argues that the court should grant summary judgment because Plaintiff was not a qualified individual under the ADA. (ECF No. 12-1, at 5). Specifically, Defendant contends that, contrary to Plaintiff's allegations, (1) Plaintiff was not able to perform the essential functions of her job working remotely because her duties entailed "a significant amount of field work" such that Plaintiff "was very much akin to a police patrol officer," (ECF No. 12-1, at 5); (2) Plaintiff requested full-time remote work and refused to do any field work, (*id.* at 6); and (3) Defendant had already provided PPE to all employees, (*id.*). Defendant also argues that Plaintiff's

5

contention that the Town did not engage in an interactive dialogue with her is meritless because Plaintiff's request for full-time remote work was unreasonable. (*Id.* at 6).

"To establish a claim for disability discrimination under the ADA, a plaintiff must prove '(1) that she has a disability, (2) that she is a "qualified individual" for the employment in question, and (3) that [her employer] discharged her (or took other adverse employment action) because of her disability.'" *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (citing *EEOC v. Stowe-Pharr Mills, Inc.,* 216 F.3d 373, 377 (4th Cir. 2000)). As explained in *Fleetwood v. Harford Sys. Inc.*, 380 F. Supp. 2d 688, 698-99 (D.Md. 2005),

> [A] "qualified individual with a disability" . . . can perform the essential functions of his job with or without reasonable accommodation. "Essential functions" are the fundamental job duties of the employment position that the person with the disability holds or desires. 29 C.F.R. § 1630.2(n)(1). It does not include the marginal functions of the position. *Id.* . . . A job function may be considered essential for several reasons, including: (1) the position exists to perform that function; (2) there is a limited number of employees among whom the performance of the function can be distributed; and/or (3) the function is highly specialized such that the person who performs it was hired for his ability to perform it. 29 C.F.R. § 1630.2(n)(2). Evidence of whether a function is essential includes, but is not limited to: (1) the employer's judgment as to which functions are essential; (2) written job descriptions prepared before advertising or

>     interviewing applicants for the job; (3) the
>     amount of time spent on the job performing the
>     function; (4) the consequences of not
>     requiring the person to perform the function;
>     (5) the terms of a collective bargaining
>     agreement; (6) the work experience of past
>     holders of the job in question; and (7) the
>     current experience of holders of similar jobs.
>
> 29 C.F.R. § 1630.2(n)(3).

If a plaintiff is unable to perform an essential function of the job, "the court must nevertheless determine whether the person could do the job with reasonable accommodation." *Myers v. Hose*, 50 F.3d 278, 282 (4th Cir. 1995). Moreover, the plaintiff "bears the burden of demonstrating that he is otherwise qualified." *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 197 (4th Cir. 1997) (citing *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994)).

Here, Plaintiff has failed to show that the essential functions of her job can be performed remotely. Defendant has provided evidence in the form of an affidavit from Mr. Sullivan, whose judgment as Plaintiff's supervisor is that "[t]hough some of [Plaintiff's] work . . . is purely administrative in nature and could be performed remotely, the most critical aspects of [Plaintiff's] position require [her] to be out in the field observing, investigating, and taking appropriate action." (ECF No. 12-2 ¶ 6). In response, Plaintiff merely argues-without evidentiary support-that "[she] could perform all of the essential

functions of her job that did not require any in person contact, which . . . is a majority of the job duties [listed in her job description]." (ECF No. 13, at 5). Apart from the fact that a job's essential functions are not necessarily determined by the majority of the job responsibilities, Plaintiff's contention alone, devoid of any supporting evidence, is insufficient to establish an essential element of her claim-namely, that field work, as opposed to administrative work, is only a marginal part of her job duties.

Plaintiff's contention that "[a]t a minimum, there is a question of fact with respect to the availability of any accommodation that would have allowed Plaintiff to perform the essential functions of her job[,]" similarly fails. (ECF No. 13, at 5-6). Mr. Sullivan attested that PPE was readily available to Plaintiff, but she insisted on full-time remote work. (ECF No. 12-2 ¶ 11). In response, Plaintiff again provided no evidentiary support contradicting Mr. Sullivan's statements and instead reiterated the allegations in her amended complaint:  "Any other aspect of [Plaintiff's] job that required contact with the public could have been completed with the use of PPE . . . Rather than consider any accommodation, Defendant simply insisted that Plaintiff follow orders without question." (ECF No. 13, at 5). Hence, Plaintiff has failed to come forward with any evidence to establish another essential element of her claim-that even if field

8

work is an essential function of her job, she was nevertheless able to perform field work as long as she had the appropriate PPE, which Defendant failed to provide.

Defendant filed a pre-answer motion for summary judgment and no discovery has been conducted. "As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* (alteration in original) (quoting *Anderson*, 477 U.S. at 250 n.5). However, "[a] nonmoving party cannot complain that summary judgment was granted without discovery unless that party made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled." *Id.* "Federal Rule of Civil Procedure 56(f) permits a court to deny summary judgment or to order a continuance if the nonmovant shows through affidavits that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Id.* Nevertheless, a party's failure to file a Rule 56(f) affidavit may be excused if: (1) "the nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit[;]'" and (2) "the nonmoving party was

9

not lax in pursuing discovery[.]" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002).

The facts that Plaintiff would need, but failed to gather, to satisfy her burden of proof are entirely within her control. This is not a case where Plaintiff has objected that she could not properly oppose a motion for summary judgment without an opportunity to conduct discovery, or where Plaintiff has been proactive in pursuing discovery. Hence, granting summary judgment at this junction is not premature. Because there is no genuine dispute of material fact that Plaintiff is not a qualified individual under the ADA, Defendant's motion for summary judgment will be granted. Thus, it is unnecessary to determine whether the Town engaged in an interactive dialogue with Plaintiff.

### IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment will be granted. A separate order will follow.

                                          _____/s/_____
                                          DEBORAH K. CHASANOW
                                          United States District Judge